LUCIANO COLÓN SANTIAGO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. ÁNGEL FIOL NEGRÓN; JOSÉ SABATER y CARLOS GARCÍA MÉNDEZ, interventores.

Número 1974.
*Sometido:* 5 de diciembre de 1952. *Resuelto:* 18 de febrero de 1953.

*Luciano Colón Santiago, pro se; Carlos García Méndez y José Sabater, pro se.*

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

Se trata de una petición de *certiorari* radicada ante este Tribunal por el inspector de protocolos del distrito sur. Solicita éste que revisemos una resolución del anterior tribunal de distrito sobre una divergencia de criterio existente entre el inspector y los notarios José Sabater y Carlos García Méndez. (¹)

La controversia gira sobre la interpretación de la sección 14 de la Ley para Regular el Ejercicio de la Profesión Notarial en Puerto Rico, aprobada el 8 de marzo de 1906, según fué enmendada por la Ley núm. 7, Leyes de Puerto Rico, 1936–1937 (pág. 135), y que prescribe así:

"Si los otorgantes o alguno de ellos no supiere o no pudiere firmar, lo expresará así el notario, debiendo firmar y estampar sus iniciales uno de los testigos, escribiendo de su puño, en antefirma, que lo hace por sí como testigo y a nombre del otorgante,

---

(¹) El caso se encuentra ante nos a tenor con la sección 4 de la Ley núm. 389, Leyes de Puerto Rico, 1951, (pág. 957), que enmienda la sección 38 de la Ley para Regular el Ejercicio de la Profesión Notarial en Puerto Rico, aprobada el 8 de marzo de 1906 (pág. 141) según ha sido enmendada. Dicha sección dispone en parte como sigue:

"Si durante el curso del examen surgiera cualquiera divergencia de criterio entre el Inspector de Protocolos y el Notario, en relación con la forma y manera de llevar éste sus Protocolos y Registro de Affidavits, o con respecto al cumplimiento de cualquiera de las otras disposiciones de la Ley Notarial o de cualquiera otra ley de Puerto Rico, incluyendo las de Arancel Notarial, el Inspector deberá hacerlo constar en su informe haciendo una breve exposición de los hechos y de las razones en que se funda la controversia, y dicho informe será remitido a la sección del Tribunal de Distrito de Puerto Rico en que ejerza el notario para que oyendo al inspector y al notario resuelva la controversia, pudiendo su resolución revisarse por el Tribunal Supremo mediante recurso de certiorari interpuesto dentro de diez días después de notificada."

que no sepa o no pueda verificarlo; *Disponiéndose, además,* que el otorgante u otorgantes que no supieren o no pudieren firmar, estamparán sus huellas digitales en cada hoja o plana."

Algunas de las escrituras públicas otorgadas ante dichos notarios, examinadas por el inspector, solamente tenían estampada la huella de uno de los dedos pulgares de los otorgantes. El inspector sostiene que bajo la sección 14, según ha sido enmendada, debieron estamparse a estas escrituras las huellas de ambos pulgares. La resolución del anterior tribunal de distrito, resolviendo a favor de los notarios la divergencia con el inspector, dice en parte como sigue:

"La cuestión es nueva en esta jurisdicción y no es fácil de resolver dada la forma en que está redactada la sección 14 de la Ley Notarial.

"A primera vista nos confrontamos con una disposición clara y libre de toda ambigüedad en cuanto dicha sección 14 dispone que el otorgante que no sabe o no puede firmar estampará sus *'huellas digitales'* en cada hoja de la escritura. Artículos 14 y 15, Código Civil, ed. 1930. Empero, de aplicarse la letra, aparentemente clara de la ley, se seguiría que el otorgante que no sabe o no puede firmar habría de estampar las huellas de los diez dedos de ambas manos y aún las de los diez dedos de ambos pies ya que *'digital'* es lo 'perteneciente o relativo a los dedos' y 'dedo' significa 'cada una de las cinco partes prolongadas en que terminan la mano y el pie del hombre y, en el mismo o menor número, en muchos animales.' *Diccionario de la Lengua Española, Edición de 1947.* Tal interpretación y aplicación absurda de la ley debemos y podemos obviarla considerando el fin y propósito del legislador que no fué otro que dotar a la escritura notarial otorgada por quien no sabe o no puede firmar 'de un sello de incontrovertible autenticidad' como lo es 'la huella digital (la que) sustituye con éxito a la firma.' *Rosario* v. *Registrador,* 59 D.P.R. 428, 432. La impresión de únicamente la huella del dedo pulgar . . . cumple sustancialmente, a nuestro juicio, con la exigencia del estatuto y hace efectivo su propósito de obtener autenticidad en los documentos otorgados por personas que no saben o no pueden firmar. . . . Véase también *De Gala* v. *González y Ona,* 53 Jur. Fil. 109 (1929) citado en 114 A.L.R. 1116, donde se resolvió que un estatuto requiriendo que un testamento sea *'firmado'* por el testador queda cumplido cuando

dicho testador estampa la huella del pulgar de su mano derecha en el espacio entre su nombre y apellido puestos por otra persona. El plural usado en la sección 14 de la Ley Notarial al hablar de 'huellas digitales' hace referencia más bien a los distintos otorgantes que no saben o no pueden firmar en las distintas escrituras que los notarios otorguen que a distintas huellas impresas por un solo otorgante.

"Creemos aconsejable, sin embargo, que, según sugiere el Inspector de Protocolos, los notarios obtengan en las escrituras que otorgan de personas que no saben o no pueden firmar la impresión de las huellas de ambos pulgares, el de su mano derecha y el de su mano izquierda, para evitar el que por la posible pérdida de una de las manos del otorgante no se pueda luego, en un caso en disputa, obtener la prueba de identificación correspondiente."

Estamos enteramente de acuerdo con la parte que hemos copiado de la resolución del tribunal de distrito. Nada tenemos que añadir a la misma. Véase 10 Enciclopedia Jurídica Española, págs. 318, 328, 329.

El inspector llama nuestra atención hacia la sección 23 de la Ley Electoral y de Inscripciones, Ley núm. 79, Leyes de Puerto Rico, 1919, que dispone, para los electores que deseen inscribirse, que "Cuando el solicitante no supiere o no pudiere firmar, estampará la huella de los dedos pulgares de ambas manos, si fuere posible, al lado de la firma del testigo que firma por dicho votante." Pero la sección 23 de la Ley núm. 79 robustece nuestra contención al efecto de que si la Legislatura hubiera tenido por miras disponer en la sección 14 de la Ley Notarial que a las escrituras públicas se les estamparan las huellas de ambos pulgares, fácilmente lo pudo haber dicho así empleando un lenguaje claro similar al de la sección 23 de la Ley núm. 79. Si bien tal requisito pudiera ser aconsejable, la sección 14 no provee tal cosa.

*Se anulará el auto expedido.*